**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOHONO O'ODHAM NATION,<br>a federally recognized Indian tribe,<br><br>     *Plaintiff,*<br><br>v.<br><br>MARKWAYNE MULLIN, in his official<br>capacity as Secretary of Homeland<br>Security; RODNEY SCOTT, in his official<br>capacity as Commissioner of U.S. Customs<br>and Border Protection; and ROSARIO<br>VASQUEZ, in his official capacity as<br>Chief of U.S. Border Patrol,<br>     *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 26-cv-2127-RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] PROTECTIVE ORDER**

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED as follows:

1. The Declaration of Benjamin Hollinder, Acting Deputy Chief in the Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, dated July 7, 2026 ("Declaration"), was filed on July 7, 2026, in redacted form (Dkt. #18-1) in support of Defendants' opposition (Dkt. #18) to Plaintiff's motion for a preliminary injunction (Dkt. # 3).

2. The portions of the Declaration that were redacted in Docket No. 18-1 ("redacted portions") contain information that Defendants (the "producing parties") have identified as law-enforcement sensitive because disclosure could reasonably be

expected to harm the government's law enforcement efforts related to border security. Accordingly, the Declaration shall be filed under seal in unredacted form.

3. Absent written consent of the producing parties, the redacted portions of the Declaration shall not be used or disclosed by any persons identified in paragraph 4 for any purpose whatsoever other than in this litigation, including any appeal, or in negotiation of any settlement thereof.

4. Counsel for the parties shall not disclose or permit the disclosure of the redacted portions of the Declaration to any person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review the redacted portions of the Declaration:

> (1) Counsel. Counsel for the parties (including agency counsel) and employees of counsel who have responsibility for the action, including associated personnel necessary to assist counsel in this action, such as litigation assistants, paralegals, interpreters, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

> (2) Parties. Employees, officers, contractors, and/or personnel of the parties and members of the Tohono O'odham Nation, but only to the extent counsel determines in good faith that the individual's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

> (3) The Court and its personnel;

(4)     Court Reporters and Recorders.   Court reporters and recorders engaged for depositions;

(5)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts. Consultants, investigators, or experts engaged by the parties or counsel for the parties to assist in the preparation and trial of this action;

(7)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary for the purposes of obtaining testimony.

(8)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of the redacted portions of the Declaration. If counsel for the parties makes, or becomes aware of, an unauthorized disclosure, counsel shall make reasonable efforts to retrieve materials containing that information from any individual not authorized to review the redacted portions of the Declarations.

6. Nothing in this Order restricts in any way the United States, its agencies, or agents from using or retaining the information contained in the Declaration in accordance with or to enforce federal law.

7. Nothing in this Order precludes the Plaintiff from challenging the propriety of specific redactions in the Declaration by way of motion to the Court in the future.

**SO ORDERED.**

Washington, D.C.


Dated: _____          _____

                                    RICHARD J. LEON
                                    United States District Judge