**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOHONO O'ODHAM NATION,<br>a federally recognized Indian tribe,<br><br>*Plaintiff*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official<br>capacity as Secretary of Homeland<br>Security; RODNEY SCOTT, in his official<br>capacity as Commissioner of U.S. Customs<br>and Border Protection; and ROSARIO<br>VASQUEZ, in his official capacity as<br>Chief of U.S. Border Patrol,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-2127-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF PLANNED ACTIVITY**

Defendants submit this response to Plaintiff's August 6, 2026 "Notice of United States' Planned Activity on Tohono O'odham Reservation," Dkt. #41. The Notice attached an email in which the Department of Justice informed Plaintiff of upcoming geotechnical testing within the Roosevelt Reservation. (Dkt. #41-1 ("DOJ Email").[1]

Although the Notice appears to complain about the lack of notice for this testing (Dkt. #41, ¶ 2), Plaintiff's own filings and statements make plain that Plaintiff (1) has known for several weeks that Defendants planned to conduct this testing and (2) expected the testing to occur at any time. *See, e.g.*, Tr. of July 22, 2026, at 31–32 ("[T]he Government has said … it needs to come on the Reservation and do geo-technical

---

[1] Defendants originally expected their contractor to mobilize on August 10, with testing beginning the following day. Defendants now expect their contractor to begin testing on August 12.

borings …[Y]ou're going to have Government agents, officials, contractors … conducting activities on the Reservation — *it could be tomorrow, it could be next week*.") (emphasis added); Pl. Reply, 17–18 (Dkt. #25, 25–26) ("[T]he Secretary intends for his agents to enter the Nation's lands *in upcoming weeks* to conduct geotechnical borings.") (emphasis added) (citing Defendants' opposition brief and the supporting declaration of Paul Enriquez (Dkt. #19-1, 18-2).

Next, the Notice wrongly accuses the United States of "exploiting" the litigation process by proceeding with testing while Plaintiff's motion for preliminary injunctive relief is pending. (Dkt. #41, ¶ 3.) This is false. As laid out in Defendants' filings, the United States reserved the right to use the 60-foot strip of land along the U.S.-Mexico border (which includes land along the southern border of the Tribal Reservation) for border security purposes, and Congress has authorized and directed Defendants to construct a barrier along the border to protect the United States. *See generally* Dkt. #19-2, 39-1, and supporting materials. Defendants are charged with determining what activities are needed to fulfill their congressional mandates and with carrying out those activities, and Plaintiff cannot seriously dispute that the mere filing of a lawsuit challenging an agency action does not make it improper for the agency to carry out geotechnical testing.

Since filing its Notice, Plaintiff unfortunately seems to be trying to intimidate Defendants' contractor from performing this necessary testing. For example, its Chairman sent a letter (attached here) to Defendants' contractor asserting that "construction-related activities, or staging any construction related equipment or materials, constitute trespass." (Attach. A, at 3.) The letter noted that Plaintiff "will

2

enforce its trespass ordinance against individuals present on the Reservation without authorization," including threatening the contractor with "forfeiture" of vehicles and other equipment and property, "removal" and "exclusion" of individuals, and "civil monetary penalties." *Id.* Plaintiff reiterated this message in a public service announcement.[2] Given that these developments not only hinder the testing but also congressionally mandated activities, we urge the Court to conclusively deny Plaintiff's emergency motion (Dkt. #3).

Dated:  August 12, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON, D.C. Bar 1010952
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

JUDITH B. HARVEY, D.C. Bar 1615789
Chief, Law & Policy Section

MARISSA A. PIROPATO
Deputy Chief, Natural Resources Section


/s/ *Marissa A. Piropato*
Environment and Natural Resources Division
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: (202) 532-3182
Marissa.Piropato@usdoj.gov

*Counsel for Defendants*

---

[2] https://www.tonation-nsn.gov/wp-content/uploads/2026/08/PSA-BORDER-WALL-CONTRACTORS-WARNED-NOT-TO-TRESPASS.jpg. (Attach. B.)