**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOHONO O'ODHAM NATION,<br>a federally recognized Indian tribe,<br><br>*Plaintiff*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security; RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and ROSARIO VASQUEZ, in his official capacity as Chief of U.S. Border Patrol,<br><br>*Defendants*. | Case No. 26-cv-2127-RJL |

**DECLARATION OF BEVERLY MATTHEWS**

I, Beverly Matthews, declare the following on the basis of personal knowledge to which I am competent to testify:

1. My name is Beverly Matthews, and I am a Detailed Realty Officer with the Tohono O'odham Nation Planning and Economic Development Department. In this role, I supervise staff in the Nation's Realty Department and the operations of the Realty Office. It is among my responsibilities to maintain an up-to-date understanding of the lands and roads within the Nation's Reservation, including their legal status as reflected in their legal descriptions and validly filed rights-of-way, and to ensure that the Nation's land and roads data remains consistent with relevant federal land and roads data for the Nation's Reservation.

2. The southern border of the Nation's Reservation is bounded on the east and west by rugged mountains. There is accordingly no road access to the international border directly

from either the east or the west. The Department of Homeland Security, Customs and Border Protection, and their entities, agents, or contractors (collectively, "DHS"), therefore need to cross southward through the Reservation's interior in order to reach the Reservation's southern border.

3. I have reviewed the public and private rights-of-way governing the use of the Nation's roads approaching and connecting to the Nation's southern border and have confirmed that there are no valid rights-of-way by which DHS is authorized to travel through the Reservation in order to build a wall at the southern border.

4. A right-of-way over the Nation's trust land is an easement that grants to another person or legal entity, including any federal, state, or local government entity, 25 C.F.R. § 169.4, a non-possessory "right to go over or across" the land for a specified purpose, 25 C.F.R. § 169.2 (defining "Right-of-way"). Each right-of-way must be established in a written agreement with the Nation, 25 C.F.R. § 169.107(a), and describe its scope and location within the Nation's Reservation. A right-of-way may be coextensive with an entire road, plot of land, or other specified area, or it may cover only a specified portion of such road, land, or area.

5. The Bureau of Indian Affairs ("BIA") may establish a right-of-way across the Nation's lands only with the Nation's consent. *See* 25 U.S.C. § 323; 25 U.S.C. § 324. Under this statutory and regulatory framework, and with the Nation's consent, "[r]ights-of-way for the use of the United States may be granted … upon application by the department or agency having jurisdiction over the activity for which the right-of-way is to be used." 25 U.S.C. § 327.

6. The establishment of a right-of-way on the Nation's Reservation does not diminish the Nation's "jurisdiction over the land subject to, and any person or activity within, the right-of-way"; its "authority to enforce tribal law of general or particular application on the land subject to and within the right-of-way, as if there were no grant of right-of-way"; or its "inherent

sovereign power to exercise civil jurisdiction over non-members on Indian land." *See* 25 C.F.R. § 169.10. Once established, the Nation must consent to, and the BIA must approve, the amendment of any provision of a right-of-way grant. 25 C.F.R. § 169.204. The BIA may deny an amendment absent the Nation's consent or for violations of the right-of-way provisions. *See* 25 C.F.R. § 169.206.

7. In 1977, the BIA, with the Nation's consent, established three rights-of-way for the BIA to enter the Nation's lands to "grade, level, fill, drain, pave, build, maintain, repair and rebuild a public road, including incidental purposes consistent therewith, together with such bridges, culverts, ramps and cuts as may be necessary, on over, under and across the ground embraced within the right-of-way[.]" These rights-of-way attach to BIA Routes 1, 19, and 21. **Attachments A–C** to this Declaration are true and correct copies of the 1977 Grants of Easement and related application materials for the BIA Route 1, 19, and 21 Rights-of-Way, respectively. In 1990, again with the Nation's consent, the BIA added six rights-of-way at sites adjacent and contiguous to the existing Route 19 right-of-way for purposes of repairing and maintaining portions of Route 19. These rights of way did not otherwise modify or expand the scope of the 1977 Route 19 right-of-way. **Attachment D** to this Declaration is a true and correct copy of the 1990 Grant of Easement and related application materials for the BIA Route 19 Right-of-Way.

8. Routes 1, 19, and 21 all run south from Arizona State Route 86 (which spans the middle of the Nation's Reservation in an east/west direction) and stop north of the international border. **Attachment E** to this Declaration is a true and correct copy of the Tohono O'odham Nation's Planning and Economic Development Department's Transportation Planning Program

Map, which was last revised in 2005, and which remains accurate as to all the roads approaching and adjacent to the Nation's southern boundary.

9. The westernmost of these public rights-of-way, on BIA Route 1, terminates in the Reservation community of Menagers Dam, approximately 1 mile north of the border. From Menagers Dam, a separate road known as the BIA 1 Connector Road proceeds south to the Traditional Northern Road, which runs roughly parallel to the border across much of the Reservation. The BIA 1 Connector Road is an unpaved road that has been used by Tohono O'odham members for decades. There is no public right-of-way authorizing the public use of the BIA 1 Connector Road, and the BIA 1 Connector Road has never been opened to general public use other than use by Nation members. And while the Nation consented to allow DHS and CBP to utilize Connector Road 1 as an access road for select purposes in 2019, *see infra* ¶¶ 14–15, there are no private rights-of-way authorizing DHS to travel on BIA 1 Connector Road to the border or the Traditional Northern Road for purposes relating to border wall construction.

10. The middle public right-of-way on BIA Route 21 terminates approximately 5 miles north of the border at the Reservation community of Papago Farms. There is no public road or private right-of-way connecting Papago Farms to the international border.

11. The easternmost public right-of-way on BIA Route 19 terminates approximately 1,700 feet north of the border near the San Miguel Gate. From the BIA Route 19 right-of-way's terminus, a separate road known as the BIA 19 Connector Road proceeds south to the Traditional Northern Road. The BIA 19 Connector Road is an unpaved road that has been used by Tohono O'odham members for decades. There is no public right-of-way authorizing the public use of the BIA 19 Connector Road, and the BIA 19 Connector Road has never been opened to general public use other than use by Nation members. And while the Nation consented to allow DHS and

CBP to utilize Connector Road 19 as an access road for select purposes in 2019, *see infra* ¶¶ 14–15, there are no private rights-of-way authorizing DHS to travel on BIA 19 Connector Road to the border or the Traditional Northern Road for purposes relating to border wall construction.

12. The Traditional Northern Road is a private road that generally runs in an east-west direction through the Reservation. The Traditional Northern Road begins approximately 1.6 miles east of the Reservation's western boundary and runs roughly parallel to the international border for most of its duration. As it approaches the eastern boundary of the Reservation, the Traditional Northern Road turns north and terminates approximately 1.5 miles north of the international border, where a separate private road continues off-Reservation. At all points, the Traditional Northern Road is located more than 60 feet north of the international border.

13. In 2004 and 2014, the Nation's Legislative Council indicated support for rights-of-way for DHS to use certain stretches of the Traditional Northern Road. The rights-of-way were for the limited purpose of construction and maintenance of the vehicle barrier currently in place on the Nation's lands and for construction of an "all-weather road," also known as the Border Fence Road, which spans much of the Nation's southern boundary and is generally located less than 60 feet from the international boundary. Where it was not possible to build the Border Fence Road completely within 60 feet from the border, the Nation consented to allow the Border Fence Road to connect to the Traditional Northern Road via limited rights-of-way on the latter road. Despite the Nation's consent to these rights-of-way on the Traditional Northern Road, they were never perfected in a formal legal agreement or approved by the BIA.

14. In 2019, in conjunction with the Nation's agreement authorizing DHS to erect Integrated Fixed Towers ("IFTs") along the border on the Nation's lands, the Nation consented to DHS being granted "[a] non-exclusive … easement for right-of-way for construction,

maintenance, operation and repair of portions of the Traditional Northern Road, including necessary and related improvements to that road, such as drainage culverts, low-water crossings, and signage." **Attachment F** to this Declaration is a true and correct copy of the 2019 Grant of Right-of-Way for Portions of the Traditional Northern Road, BIA TAAMS No. 4200185226. Portions of the Traditional Northern Road, the BIA 1 Connector Road, and the BIA 19 Connector Road were among the parcels of land designated for inclusion in the right-of-way for the enumerated purposes. *See id.*

15. The right-of-way instrument further provides that the right-of-way will be valid "for a term of 25-years so long as the right-of-way is used for the purpose above specified" and may be canceled or terminated by the Nation "if there has been a violation of the conditions of the grant[.]" *Id.* §§ 2–4. No other public or private rights-of-way exist with respect to the Traditional Northern Road or the BIA Route 1 and BIA Route 19 Connector Roads, and the 2019 Agreement between the Nation and DHS authorizing the granting of these easements recognized that CBP must negotiate for any "additional, necessary grants of easement for rights of way, leases, authorizations, or agreements as necessary to authorize CBP's use of Nation's lands outside of the twelve grants of easement for rights of way identified in this Agreement." *See* Dkt. 26, Declaration of Paul Michael Ehlerman, Attach. A ¶ 25.

16. There is accordingly no single existing easement, nor any combination of existing easements, that would provide DHS a continuous pathway across the Nation's lands for purposes of border wall construction. There is no public right-of-way that would allow DHS to cross from Routes 1, 19, or 21 to the Traditional Northern Road, nor is the Traditional Northern Road open for general public use or available for use by DHS beyond the terms and conditions of the 2019 IFT Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2026

Beverly Matthews

Beverly Matthews

# ATTACHMENT A

GSA FPMR (41 CFR) 101-11.6

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

UNITED STATES GOVERNMENT

# Memorandum

TO : Superintendent, Papago Agency
Attn. : Roads & Realty

DATE: January 4, 1977

FROM : Area Road Engineer, PAO

SUBJECT: Right-of-Way Documents for Papago Route 1

We are submitting the right-of-way documents for Route No. 1, Dwg. No. P-1-1(Rev.), Papago Indian Reservation, Arizona, for approval and signature.

Enclosures include the following:

1 Original linen map of the right-of-way
3 Prints of the right-of-way map
1 Original Application for Right-of-Way
1 Copy of the Application for Right-of-Way
1 Original Grant of Easement for Right-of-Way

Please retain for your files the prints of the right-of-way map and the copy of the Application for Right-of-Way.

Please submit the completed Grant of Easement for Right-of-Way, the original linen map and the Tribal Resolution, granting the right-of-way to the Southwest Title Plant, Albuquerque, New Mexico.

To complete our records, please send a copy of the Tribal Resolution and a copy of the last page of the Grant of Easement for right-of-way (showing the Superintendent's signature) to the Branch of Roads, Phoenix Area Office.

for [signature] Kelly
George S. Overby

Enclosures

Buy U.S. Savings Bonds Regularly on the Payroll Savings Plan

5010-108

# APPLICATION FOR RIGHT-OF-WAY

The United States Department of the Interior, Bureau of Indian Affairs, Phoenix Area Office, Phoenix, Arizona, hereby makes application pursuant to Section 5 of the Act of February 5, 1948 (62 Stst. 17) and in accordance with Departmental Regulations 25 CFR 161 and 162 for a road right-of-way, 100 feet in width and 10.502 miles in length across the Papago Indian Reservation to be granted to the United States, its successors and assigns, with the right to construct, maintain, and repair improvements, thereon and thereover, for such purposes, and with further right in the United States, its successors and assigns, to transfer said right-of-way by assignment, grant or otherwise. The location of said road and its extent are more particularly shown and delineated on the accompanying map, Drawing No. P-1-1 (Rev), which has been prepared in compliance with 25 CFR 161.6, and which by this reference is made part hereof.

In the event the right-of-way herein applied for is granted, the United States Department of the Interior, Bureau of Indian Affairs, Papago Agency, agrees to conform and abide by all pertinent rules and regulations of the Department of the Interior with special reference to Departmental Regulation 25 CFR 161.5, except 161.5(c).

IN WITNEES WHEREOF, the undersigned applicant has caused this instrument to be executed this 3rd day of January, 19 77.

United States Department of the Interior
Bureau of Indian Affairs
Phoenix Area Office

By [signature]
George S. Overby, Area Road Engineer

TRIBAL OWNED Land of the Papago Ind. Res.
INDIVIDUALLY OWNED ______
GOVERNMENT OWNED ______
ROUTE NO. 1
375-Gu Vo-113 (Rev.)

# GRANT OF EASEMENT FOR RIGHT-OF-WAY

KNOW ALL MEN BY THESE PRESENTS:

That the United States of America, acting by and through Charles R. Whitfield, Acting Supt. Papago Agency, Bureau of Indian Affairs, Department of the Interior, Sells, Arizona, hereinafter referred to "Grantor", under authority contained in 230 DM1, 10 BIAM 3 and 10 BIAM 11, and pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. 323-328), and Part 161, Title 25, Code of Federal Regulations, in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration, the receipt of which is acknowledged, does hereby grant to the Bureau of Indian Affairs, Department of the Interior, its successors and assigns, hereinafter referred to as "Grantee", an easement for a right-of-way for the following purposes, namely: The right to enter upon the hereinafter described land and grade, level, fill, drain, pave, build, maintain, repair and rebuild a public road, including incidental purposes consistent therewith, together with such bridges, culverts, ramps and cuts as may be necessary, on over, under and across the ground embraced within the right-of-way situated on the following described lands located within the Papago Indian Reservation, County of Pima, State of Arizona;

A right-of-way 100 feet in width across a portion of the Papago Indian Reservation Arizona located in Sections 15, 22; protracted Sections 27, 33 and 34 T.14S. protracted Sections 4, 9, 16, 21, 28 and 33 T.15S. protracted Section 4, T.16S. all in R.3W. G&SRM Arizona. The said easement as shown on Map No. P-1-1 (Rev.) attached hereto is limited to and whose centerline is more particularly described as follows:

(THESE DOCUMENTS SUPERSEDE THOSE FOR P-1-1)

Beginning at Station 0+00.00 (N439,408, E297 577; Arizona Central Zone coordinates), (Route 34 Station 2260+74.01) which bears N80°03'50"W, 12,960.83 feet from "NINEMILE" (U.S.G.S.) (N437,618.508; E310,413.698 Arizona Central Zone coordinates); thence S3°37'07"W to P.C. Station 52+83.09 thence southeasterly 271.39 feet along Curve No. 1 concave to the southeast (having

an angle of intersection of 2°42'50", a degree of curve of 1°00'00" and a tangent of 135.72 feet) to P.T. Station 55+54.47; thence S0°54'17"W to P.C. Station 120+24.45; thence southwesterly, 965.15 feet along Curve No. 2, concave to the northwest (having an angle of intersection of 19°18'11", a degree of curve of 2°00'00" and a tangent of 487.19 feet) to P.T. Station 129+89.59; thence S20°12'28"W to P.C. Station 184+15.23; thence southeasterly, 1,022.89 feet along Curve No. 3, concave to the southeast (having an angle of intersection of 20°27'27", a degree of curve of 2°00'00" and a tangent of 516.95 feet) to P.T. Station 194+38.11; thence S0°15'00" E to P.C. Station 220+68.50; thence southeasterly, 582.89 feet along Curve No. 4, concave to the east (having an angle of intersection of 5°49'44", a degree of curve of 1°00'00" and a tangent of 291.70 feet) to P.T. Station 226+51.39; thence S6°04'44"E to P.C. Station 254+28.08; thence southeasterly, 640.68 feet along Curve No. 5, concave to the norhteast (having an angle of intersection of 12°48'49", a degree of curve of 2°00'00" and a tangent of 321.68 feet) to P.T. Station 260+68.76; thence S18°53'33"E to P.C. Station 284+17.18; thence southwesterly, 1,659.43 feet along Curve No. 6, concave to the west (having an angle of intersection of 33°11'19", a degree of curve of 2°00'00" and a tangent of 853.72 feet) to P.T. Station 300+76.63; thence S14°17'46"W to P.C. Station 328+26.36; thence southeasterly, 922.92 feet along Curve No. 7, concave to the southeast (having an angle of intersection of 9°13'45", a degree of curve of 1°00'00" and a tangent of 462.46 feet) to P.T. Station 337+49.27; thence S5°04'01"W to P.C. Station 365+59.24; thence southwesterly, 381.39 feet along Curve No. 8, concave to the West (having an angle of intersection of 3°43'50", a degree of curve of 1°00'00" and a tangent of 190.76 feet) to P.T. Station 369+40.63; thence S8°47'51"W to P.C. Station 371+23.83; thence southeasterly, 754.33 feet along Curve No. 9, concave to the east (having an angle of intersection of 7°32'36", a degree of curve of 1°00'00" and a tangent of 377.71 feet) to P.T. Station 378+78.16; thence S1°15'15"W to P.C. Station 380+45.25; thence southwesterly, 381.28 feet along Curve No. 10, concave to the northwest (having an angle of intersection of 3°48'46", a degree of curve of 1°00'00" and a tangent of 190.71 feet) to P.T. Station 384+26.53 Back = P.T. Station 384+24.76 Ahead EQUATION

thence S5°04'01"W to P.C. Station 389+82.15; thence southeasterly, 971.33 feet along Curve No. 11, concave to the northeast (having an angle of intersection of 9°42'47", a degree of curve of 1°00'00" and a tangent of 486.83 feet) to P.T. Station 399+53.47; thence S4°38'47"E to P.C. Station 440+39.56; thence southwesterly, 1,370.10 feet along Curve No. 12, concave to the northwest (having an angle of intersection of 27°24'07", a degree of curve of 2°00'00" and a tangent of 698.41 feet) to P.T. Station 454+09.65; thence S22°45'20"W to P.C. Station 492+02.08; thence southeasterly, 3,033.87 feet along Curve No. 13, concave to the northeast (having an angle of intersection of 91°00'57", a degree of curve of 3°00'00" and a tangent of 1,944.05 feet) to P.T. Station 522+35.94; thence S68°15'37"E to end of right-of-way Station 554+48.62 Back = Station 564+48.94 Ahead EQUATION (N387, 534, E297, 595 Arizona Central Zone Coordinates) on the centerline of Route 24 and bearing S40°08'48"E, 8,081.48 feet from "KERWO" (U.S.G.S.) (N393, 711.464, E292, 384.504; Arizona Central Zone Coordinates).

The described easement contains 127.297 acres, more or less.

TO HAVE AND TO HOLD the said easement and right-of-way unto the Grantee and unto its successors and assigns, together with the right to authorize, permit and license the use thereof for utility lines, including water and sewer lines, when these are not inconsistent with the use of the property for a public road, and with the further right in the Grantee, its successors and assigns to transfer said right-of-way by assignment, grant or otherwise.

The said easement to include the right to cut back and trim such portion of the branches and tops of the trees now growing or that may hereafter grow upon the above-decribed premises, as may extend over said right-of-way, so as to prevent the same from interfering with the efficient maintenance and operation of said public road.

This easement is subject to any prior valid existing right or adverse claim and is without limitation as to tenure, so long as said easement shall be actually used for the purpose above specified; PROVIDED, that this right-of-way shall be terminable in whole or in part by the Grantor for any of the following causes upon 30 days written notice and the failure of the Grantee within said notice period to correct the basis for termination (25 CFR 161.20):

A. Failure to comply with any term or condition of the grant or the applicable regulations.

B. A nonuse of the right-of-way for a consecutive two-year period for the purpose for which it was granted.

C. An abandonment of the right-of-way.

D. Failure of the Grantee, upon the completion of construction, to file with the Grantor an affidavit of completion pursuant to 25 CFR 161.16.

The condition of this easement shall extend to and be binding upon and shall inure to the benefit of the successors and assigns of the Grantee.

This easemnt is expressly subject to the stipulations required by 25 CFR 161.5 except those required by subsection (c) thereof are hereby waived.

IN WITNESS WHEREOF, Grantor has executed this grant of easement this 12th day of January, 1977.

UNITED STATES OF AMERICA

By [signature]
Charles R. Whitfield, Acting SUPERINTENDENT
U.S. DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
PAPAGO AGENCY
SELLS, ARIZONA 85634

A C K N O W L E D G M E N T

STATE OF ARIZONA )
)
COUNTY OF PIMA )

BEFORE ME, a Notary Public, in and for said County and State, on this 12th day of January, 19 77, personally appeared Charles R. Whitfield, whose name is subscribed to the foregoing Grant of Easement for Right-of-Way as Acting Superintendent, Papago Agency, Bureau of Indian Affairs, and who acknowledged that he is and was at the time of signing the same, Acting Superintendent, Papago Agency, Bureau of Indian Affairs; and he personally acknowledged to me that he executed the said Grant of Easement for Right-of-Way in his official capacity and pursuant to authority delegated to him for the uses and purposes set forth therein.

[signature]
Notary Public

My Commission Expires:
My Commission Expires Mar 13, 1977

RESOLUTION OF THE PAPAGO COUNCIL

RES. NO. 5-72

WHEREAS; a comprehensive study of the existing road system has been made on the Papago reservation, together with recommendations for priority improvements and upgrading of routes with increasing traffic requirements; and

WHEREAS; many of the roads are necessary for uninterrupted school busing traffic to transport children from remote areas to day school facilities; and

WHEREAS; the economic development of remote areas will require improved road systems; and

WHEREAS; the Bureau of Indian Affairs Branch of Roads has requested authority to perform preliminary surveys for road improvements, and relocations, road material exploration and water requirement studies; and

WHEREAS; the requested surveys and studies are in the best interests of all members of the Papago reservation in developing a more complete and adequate road system;

NOW THEREFORE BE IT RESOLVED BY THE PAPAGO COUNCIL; that the Bureau of Indian Affairs Branch of Roads is hereby authorized and requested to conduct surveys and studies herein applied for the future benefit and development of the Papago reservation.

BE IT FURTHER RESOLVED THAT, the Chairman of The Papago Council and the Superintendent of the Papago Agency are hereby authorized and empowered to execute right-of-way permits for construction as needed to carry out the Papago Master Road Plan.

The foregoing Resolution was duly enacted by The Papago Council on the 03 day of March 1972, at a meeting at which a quorum was present with a vote of 14 for, 0 against, 1 not voting, and 5 absent, pursuant to the authority vested in The Papago Council by Section 2(a)(d) and Sec 3(h) of Article V of the Constitution and By-Laws of the Papago Tribe, as amended April 9, 1960, ratified by the Papago Tribe on December 12, 1936, and approved by the Secretary of the Interior on January 6, 1937, pursuant to Section 16 of the Act of June 18, 1934. Said Resolution is effective as of the date of its approval by the Superintendent of the Papago Agency and is subject to review by the Secretary of the Interior pursuant to Section 6 of Article V of the Constitution and By-Laws of the Papago Tribe.

THE PAPAGO COUNCIL

ATTEST:

[signature]

By [signature]
Augustine B. Lopez, Chairman

Joseph M. Lucero

APPROVED
MAR 1972

March 8, 1972

# RESOLUTION OF THE PAPAGO COUNCIL

RES. NO. 50-73

WHEREAS, Resolution of the Papago Council No. 5-72 approved March 8, 1972 does not clearly state all requirements for the granting of road right of way easements.

NOW, THEREFORE, BE IT RESOLVED BY THE PAPAGO COUNCIL, that the Superintendent of the Papago Agency is hereby authorized and empowered to approve right of way easements for construction as needed to carry out the Papago Master Road Plan; and that payment of damages for the taking of the land is hereby waived as the benefits to be derived from the roads by the Papago people will more than off-set any monetary consideration.

The foregoing Resolution was duly enacted by The Papago Council on the 3rd day of August, 1973 at a meeting at which a quorum was present with a vote of 14 for, -0- against, 1 not voting, and 7 absent, pursuant to authority vested in the Papago Council by Section 3 and (h) of Article V of the Constitution and By-Laws of the Papago Tribe, as amended April 9, 1960, ratified by the Papago Tribe on December 12, 1936, and approved by the Secretary of the Interior on January 6, 1937, pursuant to Section 16 of the Act of June 18, 1934. Said Resolution is effective as of date of its approval by the Superintendent of the Papago Agency and is subject to review by the Secretary of the Interior pursuant to Section 6 of Article V of the Consitutution and By-Laws of the Papago Tribe.

THE PAPAGO COUNCIL

NOV 1973
RECEIVED
PAPAGO AGENCY
SELLS, ARIZONA

ATTEST:

Augustine B. Lopez, Chairman

Betsy J. Norris, Secretary

Joseph M. Lucero, Superintendent
The Papago Agency

APPROVED: NOV - 9 1973

# ATTACHMENT B

TRIBAL OWNED LAND OF THE PAPAGO IND. RES.
INDIVIDUALLY OWNED XXXX
GOVERNMENT OWNED XXXX
ROUTE NO. 19 375-146 (4+ mi. ext. of Rt. 19)

## GRANT OF EASEMENT FOR RIGHT-OF-WAY

KNOW ALL MEN BY THESE PRESENTS:

That the United States of America, acting by and through Richart T. Christman, Superintendent, , Bureau of Indian Affairs, Department of the Interior, Sells, Arizona ,hereinafter referred to "Grantor", under authority contained in 230 DM1, 10 BIAM 3 and 10 BIAM 11, and pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. 323-328), and Part 161, Title 25, Code of Federal Regulations, in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration, the receipt of which is acknowledged, does hereby grant to the Bureau of Indian Affairs, Department of the Interior, its successors and assigns, hereinafter referred to as "Grantee", an easement for a right-of-way for the following purposes, namely: The right to enter upon the hereinafter described land and grade, level, fill, drain, pave, build, maintain, repair and rebuild a public road, including incidental purposes consistent therewith, together with such bridges, culverts, ramps and cuts as may be necessary, on over, under and across the ground embraced within the right-of-way situated on the following described lands located within the Papago Indian Reservation, County of Pima , State of Arizona :

A right-of-way, 100 feet in width across a portion of the Papago Indian Reservation, Arizona located in protracted T. 21 S., Rs. 5 & 6 E., G&SRM, Arizona. The said easement as shown on Map No. P-19-2, attached hereto, is limited to and whose centerline is more particularly described as follows:

Beginning at Station 0+00.00 (Route 19-1 Station 1181+98.84), which bears S 6°53'00" W, 7,615.43 feet from the northwest corner of Section 6, T.21S., R.6E., G&SRM, Arizona; thence S21°04'30"W to P.C.Station 3+73.55; thence southwesterly, 326.81 feet along Curve No. 1, concave to the southeast (having an angle of intersection of 19°36'30", a degree of curve of 6°00'00" and a tangent of 165.02 feet) to P.T. Station 7+00.36; thence S 1°28'00"W to P.C. Station 10+64.11; thence southeasterly, 544.17 feet along Curve No. 2, concave to the east (having an angle of intersection of 27°12'30", a degree of

5°00'00" and a tangent of 277.31 feet) to P.T. Station 16+08.28; thence S25°44'30"E to P.C. Station 34+31.62; thence southeasterly, 484.72 feet along Curve No. 3, concave to the southwest (having an angle of intersection of 9°41'40", a degree of curve of 2°00'00"and a tangent of 242.94 feet) to P.T. Station 39+16.34; thence S16°02'50"E to P.C. Station 56+03.35; thence southerly, 425.84 feet along Curve No. 4, concave to the west (having an angle of intersection of 8°31'00", a degree of curve of 2°00'00" and a tangent of 213.31 feet) to P.T. Station 60+29.19 Back = P.T. Station 60+28.35 Ahead EQUATION; thence S7°31'50"E to P.C. Station 95+33.20; thence southeasterly, 336.37 feet along Curve No. 5, concave to the northeast (having an angle of intersection of 6°44'00", a degree of curve of 2°00'00" and a tangent of 168.53 feet) to P.T. Station 98+69.85 Back = P.T. Station 98+69.10 Ahead EQUATION; thence S14°15'50"E to P.C. Station 142+03.42; thence southeasterly, 596.25 feet along Curve No. 6, concave to the southwest (having an angle of intersection of 11°55'30", a degree of curve of 2°00'00" and a tangent of 299.21 feet) to P.T.Station 147+99.50 Back = P.T. Station 147+99.23 Ahead EQUATION; thence S2°20'20"E to P.C. Station 212+88.30; thence southeasterly, 622.00 feet along Curve No. 7, concave to the northeast (having an angle of intersection of 62°12'00", a degree of curve of 10°00'00" and a tangent of 345.63 feet) to end of right-of-way P.T. Station 219+10.30, which bears N22°11'20"W, 1,795.01 feet from the United States-Mexico Boundary Monument Number 144.

The described easement contains 50.302 acres, more or less.

TO HAVE AND TO HOLD the said easement and right-of-way unto the Grantee and unto its successors and assigns, togather with the right to authorize, permit and license the use thereof for utility lines, including water and sewer lines, when these are not inconsistent with the use of the property for a public road, and with the further right in the Grantee, its successors and assigns to transfer said right-of-way by assignment, grant or otherwise.

The said easement to include the right to cut back and trim such portion of the branches and tops of the trees now growing or that may hereafter grow upon the above-descfibed premises, as may extend over said right-of-way, so as to prevent the same from interfering with the efficient maintenance and operation of said public road.

This easement is subject to any prior valid existing right or adverse claim and is without limitation as to tenure, so long as said easement shall be actually used for the purpose above specified; PROVIDED, that this right-of-way shall be terminable in the whole or in part by the Grantor for any of the following causes upon 30 days written notice and the failure of the Grantee within said notice period to correct the basis for termination (25 CFR 161.20):

A. Failure to comply with any term or condidion of the grant or the applicable regulations.

B. A nonuse of the right-of-way for a consecutive two-year period for the purpose for which it was granted.

C. An abandonment of the right-of-way.

D. Failure of the grantee, upon the completion of construction to file with the Grantor an affidavit of completion pursuant to 25 CFR 161.16

The condition of this easement shall extend to and be binding upon and shall insure to the benefit of the successors and assigns of the Grantee.

This easement is expressly subject to the stipulations required by 25 CFR 161.5 except those required by subsection (c) thereof are bereby waived.

IN WITNESS WHEREOF, Grantor has executed this grant of easement this 26th day of September, 1977.

UNITED STATES OF AMERICA

By [signature]

Richard T. Christman, Superintendent
U.S. DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
PAPAGO AGENCY
SELLS, ARIZONA 85634

A C K N O W L E D G M E N T

STATE OF ARIZONA )
)
COUNTY OF PIMA )

BEFORE ME, a Notary Public, in and for said County and State, on this 26th day of September, 19 77, personally appeared ______________________, whose name is subscribed to the foregoing Grant of Easement for Right-of-Way as ______________ Superintendent, Bureau of Indian Affairs, and who acknowledged that he is and was at the time of signing the same, Superintendent, Bureau of Indian Affairs; and he personally acknowledged to me that he executed the said Grant of Easement for Right-of-Way in his official capacity and pursuant to authority delegated to him for the uses and purposes set forth therein.

[signature]
Notary Public

My Commission Expires: March 13, 1981

# ATTACHMENT C

TRIBAL OWNED LAND OF PAPAGO IND. RES.
INDIVIDUALLY OWNED
GOVERNMENT OWNED
ROUTE NO. 21

GRANT OF EASEMENT FOR RIGHT-OF-WAY

KNOW ALL MEN BY THESE PRESENTS:

That the United States of America, acting by and through ________ ________, Bureau of Indian Affairs, Department of the Interior, Sells, Arizona, hereinafter referred to "Grantor", under authority contained in 230 DM1, 10 BIAM 3 and 10 BIAM 11, and pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. 323-328), and Part 161, Title 25, Code of Federal Regulations, in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration, the receipt of which is acknowledged, does hereby grant to the Bureau of Indian Affairs, Department of the Interior, its successors and assigns, hereinafter referred to as "Grantee", an easement for a right-of-way for the following purposes, namely: The right to enter upon the hereinafter described land and grade, level, fill, drain, pave, build, maintain, repair and rebuild a public road, including incidental purposes consistent therewith, together with such bridges, culverts, ramps and cuts as may be necessary, on over, under and across the ground embraced within the right-of-way situated on the following described lands located within the Papago Indian Reservation, County of Pima, State of Arizona:

A right-of-way, 100 feet in width across a portion of the Papago Indian Reservation, Arizona located in protracted T. 16 S., R. 1 E. & W., T. 17 S., R. 1 W., T. 18 S., R. 1 W., T. 19 S., R. 1 E. and surveyed T. 18 S., R. 1 E., G&SRM, Arizona. The said easement as shown on Map Number P-21-2, attached hereto, is limited to and whose centerline is more particularly described as follows:

Beginning at Station 570+00.00 (N376, 447; E377,539; Arizona Central Zone), which bears S 50°57'36"E, 1,909.52 feet from "PISINIMO" (U.S.G.S. Triangulation Station)(N377,649.734; E376,055.859; Arizona Central Zone); thence S36°43'15"W to P.C. Station 571+70.55; thence southwesterly, 581.60 feet along Curve No. 1, concave to the southeast (having an angle of intersection of 5°48'58", a degree of curve of 1°00'00" and a tangent of

291.05 feet) to P.T. Station 577+52.15; thence S30°54'18"W to P.C. Station 588+30.40; thence southwesterly, 935.52 feet along Curve No. 2, concave to the northwest (having an angle of intersection of 9°21'08", a degree of curve of 1°00'00" and a tangent of 468.65 feet) to P.T. Station 597+65.62; thence S40°15'26"W to P.C. Station 666+66.03; thence southwesterly, 781.14 feet along Curve No. 3, concave to the southeast (having an angle of intersection of 23°26'03", a degree of curve of 3°00'00" and a tangent of 396.11) to P.T. Station 674+47.17; thence S16°49'23"W to P.C. Station 736+67.22; thence southerly, 764.78 feet along Curve No. 4, concave to the east (having an angle of intersection of 22°56'37", a degree of curve of 3°00'00" and a tangent of 387.58 feet) to P.T. Station 744+32.00; thence S6°07'14"E to P.C. Station 752+56.03; thence southerly, 853.12 feet along Curve No. 5, concave to the west (having an angle of intersection of 17°03'45", a degree of curve of 2°00'00" and a tangent of 429.74 feet) to P.T. Station 761+09.15; thence S10°56'31"W to P.C. Station 802+49.69; thence southwesterly, 510.56 feet along Curve No. 6, concave to the northwest (having an angle of intersection of 5°06'20", a degree of curve of 1°00'00" and a tangent of 255.45 feet) to P.T. Station 887+60.26; thence S16°02'51"E to P.C. Station 837+29.88; thence southwesterly, 169.82 feet along Curve No. 7, concave to the northwest (having an angle of intersection of 0°50'57", a degree of curve of 0°30'00" and a tangent of 84.91 feet) to P.T. Station 838+99.70; thence S16°53'48"W to P.C. Station 861+07.25; thence southwesterly, 527.42 feet along Curve No. 8, concave to the northwest (having an angle of intersection of 5°16'27", a degree of curve of 1°00'00" and a tangent of 263.90 feet) to P.T. Station 866+34.67; thence S22°10'15"W to P.C. Station 891+07.71; thence southeasterly, 1,266.56 feet along Curve No. 9, concave to the northeast (having an angle of intersection of 104°29'27", a degree of curve of 8°15'00" and a tangent of 896.80 feet) to P.T. Station 903+74.27; thence S82°19'12"E to P.C. Station 907+03.28; thence southeasterly, 526.24 feet along Curve No. 10, concave to the southwest (having an angle of intersection of 21°02'59", a degree of curve of 4°00'00" and a tangent of 266.12 feet) to P.T. Station 912+29.52 Back = P.T. Station 0+00.00 Ahead EQUATION; thence S61°16'13"E to

P.C. Station 4+06.08; thence southeasterly, 1,870.00 feet along Curve No. 11, concave to the southwest (having an angle of intersection of 56°06'00, a degree of curve of 3°00'00" and a tangent of 1,017.63 feet) to P.T. Station 22+76.08; thence S5°10'13"E to P.C. Station 145+29.20; thence southeasterly, 540.00 feet along Curve No. 12, concave to the northeast (having an angle of intersection of 10°48'00", a degree of curve of 2°00'00" and a tangent of 270.80 feet) to P.T. Station 150+69.20; thence S15°58'13"E to P.C. Station 271+18.21; thence southerly, 864.45 feet along Curve No. 13, concave to the west (having an angle of intersection of 25°56'00", a degree of curve of 3°00'00" and a tangent of 439.76 feet) to P.T. Station 279+82.66; thence S10°57'47"W to P.C. Station 352+24.40; thence southeasterly, 949.00 feet along Curve No. 14, concave to the northeast (having an angle of intersection of 47°27'00", a degree of curve of 5°00'00" and a tangent of 503.62 feet) to P.T. Station 361+73.40; thence S36°29'13"E to P.C. Station 446+41.35; thence southeasterly, 687.50 feet along Curve No. 15, concave to the southwest (having an angle of intersection of 27°30'00", a degree of curve of 4°00'00" and a tangent of 350.51 feet) to P.T. Station 453+28.85; thence S8°59'13"E to P.C. Station 468+98.29; thence southeasterly, 380.00 feet along Curve No. 16, concave to the northeast (having an angle of intersection of 11°24'00", a degree of curve of 3°00'00" and a tangent of 190.63 feet) to P.T. Station 472+78.29; thence S20°23'13"E to P.C. Station 543+19.92; thence southerly, 550.00 feet along Curve No. 17, concave to the west (having an angle of intersection of 22°00'00", a degree of curve of 4°00'00" and a tangent of 278.43 feet) to P.T. Station 548+69.92; thence S1°35'53"W to end of right-of-way Station 635+00.00, which bears S3°04'25"W, 2,684.71 feet from U.S.C.&G.S. BM F341.

The described easement contains 224.352 acres, more or less.

TO HAVE AND TO HOLD the said easement and right-of-way unto the Grantee and unto its successors and assigns, togather with the right to authorize, permit and license the use thereof for utility lines, including water and sewer lines, when these are not inconsistent with the use of the property for a public road, and with the further right in the Grantee, its successors and assigns to transfer said right-of-way by assignment, grant or otherwise.

The said easement to include the right to cut back and trim such portion of the branches and tops of the trees now growing or that may hereafter grow upon the above-desctibed premises, as may extend over said right-of-way, so as to prevent the same from interfering with the efficient maintenance and operation of said public road.

This easement is subject to any prior valid existing right or adverse claim and is without limitation as to tenure, so long as said easement shall be actually used for the purpose above specified; PROVIDED, that this right-of-way shall be terminable in the whole or in part by the Grantor for any of the following causes upon 30 days written notice and the failure of the Grantee within said notice period to correct the basis for termination (25 CFR 161.20):

A. Failure to comply with any term or condidion of the grant or the applicable regulations.

B. A nonuse of the right-of-way for a consecutive two-year period for the purpose for which it was granted.

C. An abandonment of the right-of-way.

D. Failure of the grantee, upon the completion of construction to file with the Grantor an affidavit of completion pursuant to 25 CFR 161.16

The condition of this easement shall extend to and be binding upon and shall insure to the benefit of the successors and assigns of the Grantee.

This easement is expressly subject to the stipulations required by 25 CFR 161.5 except those required by subsection (c) thereof are hereby waived.

IN WITNESS WHEREOF, Grantor has executed this grant of easement this 26, day of October, 1977.

UNITED STATES OF AMERICA

By [signature]
Richard T. Christman, Superintendent
U.S. DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
PAPAGO AGENCY
SELLS, ARIZONA 85634

ACKNOWLEDGMENT

STATE OF Arizona )
COUNTY OF Pima )

BEFORE ME, a Notary Public, in and for said County and State, on this 26th day of October, 1977, personally appeared Richard T. Christman, whose name is subscribed to the foregoing Grant of Easement for Right-of-Way as Superintendent, Bureau of Indian Affairs, and who acknowledged that he is and was at the time of signing the same, Superintendent, Bureau of Indian Affairs; and he personally acknowledged to me that he executed the said Grant of Easement for Right-of-Way in his official capacity and pursuant to authority delegated to him for the uses and purposes set forth therein.

[signature]
Notary Public

My Commission Expires:
My Commission Expires Mar. 13, 1981

dwg# P-21-2

# ATTACHMENT D

George - 7/4
Maps in Realty

TRIBAL OWNED LANDS OF THE TOHONO O'ODHAM INDIAN RES.
INDIVIDUALLY OWNED ______________
GOVERNMENT OWNED ______________
ROUTE NO. 19

GRANT OF EASEMENT FOR RIGHT-OF-WAY

KNOW ALL MEN BY THESE PRESENTS:

That the United States of America, acting by and through James A. Barber, Superintendent, Papago Agency, Bureau of Indian Affairs, Department of the Interior, Sells, Arizona, hereinafter referred to as "Grantor", under the authority contained in 209 DM 8, 230 DM 3.1 and 10 BIAM 11, and pursuant to the provisions of the Act of February 5, 1948 (62 Stat. 17, 25 U.S.C. 323-328), and Part 169, Title 25, Code of Federal Regulations, in consideration of ONE DOLLAR ($1.00) and other good and valuable consideration, the receipt of which is acknowledged, does hereby grant to the Bureau of Indian Affairs, Department of the Interior, its successors and assigns, hereinafter referred to as the "Grantee", an easement for right-of-way for the following purposes, namely: The right to enter upon the hereinafter described land and grade, level, fill, drain, pave, maintain, repair and rebuild a public road, including incidental purposes therewith, together with such bridges, culverts, ramps and cuts as may be necessary, on, over, under and across the ground embraced within the right-of-way situated on the following described lands located within the Tohono O'odham Indian Reservation, County of Pima , State of Arizona:

THE FOLLOWING DESCRIBED RIGHTS-OF-WAY ARE IN ADDITION AND LIE ADJACENT AND CONTIGUOUS TO THE ROAD RIGHT-OF-WAY FOR TOHONO O'ODHAM ROUTE 19 (R/W DWG. NO. P-19-1) APPROVED BY THE AGENCY SUPERINTENDENT ON SEPTEMBER 13, 1978 AND FILED IN THE LAND TITLES AND RECORDS OFFICE AS

R/W NO. P-19-3

DOCUMENT NO. 10-78.

A right-of-way, 20 feet, 40 feet and 50 feet in width across a portion of the Tohono O'odham Indian Reservation located in protracted Ts. 17 and 18 S., R. 5 E., G&SRM, Arizona. The said easement as shown on Dwg. No. P-19-3, attached hereto, is more particularly described as follows in relation to R/W Number P-19-1:

<u>SITE No. 1</u> Being 20 feet in width and 550 feet in length lying adjacent and contiguous to the east side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 37+72.50 and ending at Station 43+22.50.

<u>SITE No. 2</u> Being 20 feet in width and 350 feet in length lying adjacent and contiguous to the west side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 37+72.50 and ending at Station 41+22.50.

<u>SITE No. 3</u> Being 40 feet in width and 170 feet in length lying adjacent and contiguous to the west side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 78+72.50 and ending at Station 79+92.50.

<u>SITE No. 4</u> Being 40 feet in width and 75 feet in length lying adjacent and contiguous to the east side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 86+97.50 and ending at Station 87+72.50.

R/W NO. P-19-3

SITE No. 5 Being 50 feet in width and 1300 feet in length lying adjacent and contiguous to the west side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 94+22.50 and ending at Station 110+17.40.

SITE No. 6 Being 40 feet in width and 100 feet in length lying adjacent and contiguous to the east side of the existing 100 foot wide Right-of-way, 50 feet Lt. & Rt. of centerline, Beginning at Station 165+17.40 and ending at Station 166+17.40.

The described rights-of-way contain 2.222 acres, more or less.

TO HAVE AND TO HOLD the said easement and right-of-way unto the Grantee and with further right in the Grantee, to transfer said right-of-way by assignment, grant or otherwise.

The said easement to include the right to cut back and trim such portion of the branches and tops of the trees now growing or that may hereafter grow upon the above-described premises, as may extend over said right-of-way, so as to prevent the said from interfering with the efficient maintainence and operation of said drainage for a public road.

This easement is subject to any prior valid existing right or claim and is without limitation as to tenure, so long as said easement shall be actually used for the purpose above specified, PROVIDED, that this right-of-way shall be terminable in the whole or in part by the Grantor for any of the following causes upon 30 days written notice and the failure of the Grantee within said notice period to correct the basis for termination (25 CFR 169.20).

A. Failure to comply with any term or condition of the grant or the applicable regulations.

B. A nonuse of the right-of-way for a consecutive two-year period for the use for which is was granted.

C. Abandonment ot the right-of-way.

D. Failure of the Grantee, upon completion of construction to file with the Grantor and affidavit of completion pursuant to 25 CFR 169.16.

The condition of this easement shall extend to and be binding upon and shall inure to the benefit of the successors and assigns of the Grantee.

This easement is expressly subject to the stipulations required by 25 CFR 169.5, except those required by subsection (c) thereof are hereby waived.

IN WITNESS WHEREOF, Grantor has executed this Grant of Easement this 9th of March, 1990.

UNITED STATES OF AMERICA

By [signature] Actg.

JAMES A. BARBER, SUPERINTENDENT
UNITED STATES DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
PAPAGO AGENCY
P.O. BOX 578
SELLS, ARIZONA 85634

## ACKNOWLEDGEMENT

STATE OF AZ )
)
COUNTY OF PIMA )

BEFORE ME, a Notary Public, in and for said county and state, on this 9th day of MARCH, 1990, personally appeared Nina M. Innis, whose name is subscribed to the foregoing Grant of Easement for Right-of-Way as Acting Superintendent Papago Agency, Bureau of Indian Affairs, and who acknowledges that he is and was at the time of signing the same, Nina M. Innis, Acting Superintendent, Bureau of Indian Affairs, and he personally acknowledged to me that he executed the said Grant of Easement for Right-of-Way in his official capacity and pursuant to authority delegated to him for the uses and purposes set forth therein.

Verna A. Ezrume
Notary Public

My Commission Expires: August 5, 1990

# ATTACHMENT E


TOHONO O'ODHAM NATION
PLANNING DEPARTMENT
TRANSPORTATION PLANNING PROGRAM
Revised by: F. Stevens 2005
PINAL COUNTY
PIMA COUNTY
MARICOPA COUNTY
REPUBLIC OF MEXICO
ARIZONA
SAN XAVIER DISTRICT
PASCUA YAQUI RESERVATION
TUCSON
CASA GRANDE
SAN LUCY FARMS
GILA BEND
SAN LUCY DISTRICT
SIF OIDAK DISTRICT
SCHUK TOAK DISTRICT
GU ACHI DISTRICT
BABOQUIVARI DISTRICT
SELLS DISTRICT
PISINIMO DISTRICT
HICKIWAN DISTRICT
GU VO DISTRICT
CHUKUT KUK DISTRICT
Yoem Pueblo
Florence Community
San Lucy Community

# ATTACHMENT F

BIA TAAMS No. 4200185226
Allotment No(s).
Tribal Tract No(s).

UNITED STATES OF AMERICA
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
PAPAGO AGENCY,
P.O. BOX 490,
SELLS, ARIZONA 85634

## GRANT OF RIGHT-OF-WAY

The United States of America, acting by and through the Bureau of Indian Affairs ("BIA"), Department of the Interior, Papago Agency, P.O. Box 490, Sells, Arizona 85634 for, and on behalf, with the consent of: The Tohono O'odham Nation (the "Nation") (the "GRANTOR"), under authority of the Act of February 5, 1948 (62 Stat. 17; 25 U.S.C. §§ 323-328); and Part 169, Title 25, Code of Federal Regulations, which by reference are made a part hereof, does hereby grant to: Department of Homeland Security/US Customs and Border Protection, of c/o Hector Montalvo, 24000 Avila Road, Suite 5020, Laguna Niguel, CA 92677 (the "GRANTEE").

1. **GRANT.** In consideration of: A lump-sum payment of $2,100,000 providing agreed-upon compensation for this right-of-way and the other rights-of-way related to the IFT project as set forth in Exhibit "A", paid to the Nation no later than thirty (30) days after the effective date specified in Section 14 below.

This right-of-way is limited to and more particularly described to be 252.4817 acres, as shown on Exhibit "B" (legal descriptions, maps of definite location)(the "PROPERTY"). This is known as portions of the Traditional Northern Road. Pursuant to 25 C.F.R. § 169.110 and Tohono O'odham Legislative Council Resolution No. 19-088, attached as Exhibit C, the Nation has negotiated with GRANTEE for compensation that is satisfactory to the Nation, the Nation has waived valuation by the BIA, and has determined that accepting such agreed-upon compensation and waiving valuation is in its best interest. The Nation is not requesting that the BIA determine fair market value.

GRANTOR does hereby grant to GRANTEE, a right-of-way for GRANTEE, its officers, agents, and contractors to enter the PROPERTY, for:

A non-exclusive grant of easement for right-of-way for construction, maintenance, operation and repair of portions of the Traditional Northern Road, including necessary and related improvements to that road, such as drainage culverts, low-water crossings, and signage.

2. **TERM.** This right-of-way is for a term of 25-years so long as the right-of-way is used for the purpose above specified.

3. **CANCELLATION.**

(A) This right-of-way may only be cancelled

(1) in accordance with 25 C.F.R. Part 169 for abandonment, non-use, or violation of the right-of-way grant or right-of-way documents, including but not limited to encroachments beyond the defined boundaries, accidental, willful, and/or incidental trespass, unauthorized new construction, changes in use not permitted in the grant, or late or insufficient payment; or

(2) by the GRANTOR for non-use of the right-of-way after construction has been completed and the technology has been installed for any consecutive two-year period (for the purpose for which it was granted) upon 30 days written notice, and failure of the GRANTEE within said notice period to correct the basis for cancellation.

(B) The authority to cancel is independent of, and in addition to, the Nation's authority to terminate the right-of-way grant; and a violation forming the basis for cancellation may also form the basis for termination.

4. **TERMINATION**.

(A) The Nation may terminate the right-of-way grant in accordance with this Section 4 without BIA approval and the termination shall be effective without BIA cancellation; provided that the Nation will provide the BIA with written notice of the termination so that it may be recorded in the Land Title Records Office.

(B) The authority to terminate is independent of, and in addition to, the BIA's authority to cancel the right-of-way grant; and a violation forming the basis for termination may also form the basis for cancellation.

(C) The Nation will follow the same process for termination of rights-of-way as is provided for BIA cancellation in 25 C.F.R. Part 169 for the cancellation of rights-of-way, as applicable, provided that the Nation's Realty Office, and not the BIA, shall determine if there has been a violation of the conditions of the grant and otherwise perform the applicable functions of the BIA as set forth under the Part 169 cancellation provisions, and shall provide a copy of a written notice of violation and other relevant notices regarding the termination process to the BIA Papago Agency ("Agency") and BIA Western Regional Office ("WRO"). Within 10 business days of the GRANTEE'S receipt of a notice of violation, the Nation will provide GRANTEE with the opportunity to meet and discuss the cure for an alleged violation, provided that GRANTEE retains the right to dispute the determination that a violation has occurred, request additional time to cure the violation, and otherwise exercise GRANTEE's rights in accordance with 25 C.F.R. Part 169, Subpart F. A right of appeal pursuant to this Section 4 shall not be permitted.

5. **RENEWAL**. The GRANTEE has an option to renew the right-of-way for an additional term of between 10 and 25 years. The GRANTEE must provide written notice to the Nation and BIA of the intent to renew the right-of-way 36 months prior to the end of the original term. Compensation for the renewal term will be negotiated with the Nation beginning when the notice of intent to renew is received and the parties may obtain appraisals of the PROPERTY to assist in negotiations.

6. **BEST MANAGEMENT PRACTICES**. The Grantee agrees to comply with any best management practices or conditions in the IFT Final Environmental Assessment (March 2017), attached as Exhibit D, to reduce or eliminate potential adverse impacts on the human and natural environments within the right-of-way area. The Grantee will make a good faith attempt to resolve any actual deviation from the best management practices or conditions set forth in the IFT Final Environmental Assessment (March 2017). The Grantee and the Nation agree that any actual or alleged deviation from any best management practices or conditions described in the IFT Final Environmental Assessment and intended to reduce or eliminate potential adverse impacts on the human and natural environments within the right-of-way area shall be subject to the notice, opportunity to cure, and additional provisions of 25 C.F.R. Part 169 for cancellation or termination of the right-of-way.

7. **RESERVATION OF JURISDICTION.** To the extent consistent with Federal law, the Nation maintains its existing jurisdiction over the land, activities, and persons within the right-of-way and this grant does not diminish to any extent: (a) the Nation's power to tax the land, any improvements on the land, or any person or activity within, the right-of-way; (b) the Nation's authority to enforce tribal law of general or particular application on the land subject to and within the right-of-way, as if there were no grant of right-of-way; (c) the Nation's inherent sovereign power to exercise civil jurisdiction over non-members on Indian land; or (d) the character of the land subject to the right-of-way as Indian country under 18 U.S.C. § 1151.

8. **LAWS.** GRANTEE shall comply with all applicable federal laws, and the Nation's laws which are not inconsistent with applicable federal law. Notwithstanding any provision in this grant of right-of-way, GRANTEE lacks authority to waive the United States' federal sovereign immunity for any purpose, and nothing in this agreement should be construed as a waiver of any federal sovereign immunity of GRANTEE or the United States federal government generally. Nothing herein shall require GRANTEE to perform any act or omission in a manner that would constitute a violation of federal law.

9. **REGULATORY PROVISIONS.**

(A) The Nation has the right to reasonable access to the lands subject to the grant, which are unallotted tribal land. Specifically, the Nation, its employees and agents, and Nation's members may use the Traditional Northern Road for travel and any purpose not inconsistent with the primary purpose for which the right of way is granted.

(B) The GRANTEE has no right to any of the products or resources of the land, including but not limited to, timber, forage, mineral, and animal resources, unless otherwise provided for in the grant.

(C) BIA may treat any provision of a grant that violates Federal law as a violation of the grant.

(D) If historic properties, archeological resources, human remains, or other cultural items not previously reported are encountered during the course of any activity associated with this grant, all activity in the immediate vicinity of the properties, resources, remains, or items will cease and the GRANTEE will contact BIA and the Nation to determine how to proceed and how to conduct appropriate disposition in accordance with the IFT Final Environmental Assessment Best Management Practices.

(E) GRANTEE must:

**(i)** Construct and maintain improvements within the right-of-way in a professional manner consistent with industry standards;
**(ii)** Pay promptly all damages and compensation determined by the BIA to be due the Nation and authorized users and occupants of land as a result of the granting, construction, and maintenance of the right-of-way, as described in Exhibit E, attached hereto;
**(iii)** Restore the land as nearly as may be possible to its original condition upon the completion of construction, as described in Exhibit E, attached hereto;
**(iv)** Clear and keep clear the land within the right-of-way, to the extent compatible with the purpose of the right-of-way, and dispose of all vegetative and other material cut, uprooted, or otherwise accumulated during the construction and maintenance of the project;
**(v)** Comply with all laws as outlined herein at Section 8 and obtain all required permits;
**(vi)** Not commit waste;
**(vii)** Operate, repair and maintain improvements consistent with the right-of-way grant;
**(viii)** Build and maintain necessary and suitable crossings for all roads and trails that intersect the improvements constructed, maintained, or operated under the right-of-way;
**(ix)** Restore the land to its original condition, as much as reasonably possible, at the end of the right-of-way term, or any renewal term, or upon cancellation or termination of the right-of-way, as described in Exhibit E, attached hereto;
**(x)** At all times keep the BIA, and the Nation, informed of the GRANTEE's address;
**(xi)** Refrain from interfering with the landowner's use of the land, provided that the landowner's use of the land is not inconsistent with the right-of-way, however, as noted above, tribal members are not authorized to access or use the land within the fenced perimeter of the IFT tower sites except as provided herein;
**(xii)** Comply with the following due diligence requirements: GRANTEE will provide the Nation's Realty Office, Roads Program, Environmental Protection Office, Wildlife and Vegetation Management Program ("WVMP"), Tribal Historic Preservation Office ("THPO"), Chukut Kuk District, and Gu Vo District with construction schedules and scopes of work for the construction process associated with the right-of-way. GRANTEE shall complete construction within the schedule provided or as amended by the parties.

(F) Indian Preference. To the extent permitted by federal procurement statutes and regulations, GRANTEE'S contractors or contractors of other federal agencies performing work in the rights-of-way shall provide Indian preference in accordance with 13 Tohono O'odham Code Chapter 1 – Tribal Employment Rights.

10. **ENCROACHMENT.** GRANTEE may not unreasonably withhold its consent for a new right-of-way within its existing right-of-way that does not interfere with the use or purpose of its right-of-way.

11. **AMENDMENT**. This grant may not be amended except as provided in 25 C.F.R. §§ 169.204 - 169.206.

12. **ASSIGNMENT.** This grant m a y not be assigned without applicable consent and BIA approval and within 30 days, a copy of the assignment and supporting documents will be sent to BIA for recording in the LTRO. As GRANTEE is a Department/Agency of the United States, a change in the name of the Department/Agency or a transition of this border security function to another Department/Agency is not considered an Assignment and does not require consent of the Nation or approval of the GRANTOR.

13. **MORTGAGE.** As GRANTEE is a Department/Agency of the United States, this grant may not be mortgaged.

14. **EFFECTIVE DATE.** Grant will be effective on the date it is approved by the BIA. The GRANTEE's obligations are triggered on August 29, 2019 (if applicable).

15. **REMEDIES.** Any disputes regarding violations, abandonment, or non-use may be addressed in accordance with 25 CFR 169, Subpart F, as may be amended.

16. **BINDING EFFECT.** The terms of this grant shall extend to and be binding upon and shall inure to the benefit of the successors of the GRANTEE.

17. **CONSENT.** The Nation consented to this right-of-way grant in Legislative Council Resolution No. 19-088. This Grant of Right-of-Way shall remain in effect notwithstanding any subsequent Legislative Council resolutions revoking or modifying such consent; provided that the grant may be cancelled or terminated in accordance with the provisions of 25 C.F.R. Part 169 and this grant.

18. **ADDITIONAL CONDITIONS OR RESTRICTIONS.** This grant incorporates by reference the terms, conditions, and restrictions set out in the following, additional right-of-way documents that are incorporated by this reference:

(A) Compensation Agreement, attached as Exhibit A.
(B) Legal Description, attached as Exhibit B.
(C) Tribal Resolution No. 19-088, attached as Exhibit C.
(D) The IFT Final Environmental Assessment (March 2017), attached as Exhibit D.
(E) Grantee's Restoration Obligations and Limitations, attached as Exhibit E.
(F) the Agreement Between the Tohono O'odham Nation and United States Customs and Border Protection concerning Grants of Easement for Rights-of-Way for Integrated Fixed Tower sites (including Access Roads and Approach Roads), portions of the Traditional Northern Road, and Low Water Crossings, attached as Exhibit F.

19. **FIVE-YEAR REVIEW.** GRANTEE and the Nation, in consultation with affected members, communities, and districts, shall conduct a detailed review of the construction, maintenance, operation, and repair of the Traditional Northern Road every five years, including for compliance with these conditions, additional right-of-way documents, and all applicable laws and regulations. To the extent these five-year reviews include potential compliance issues, GRANTEE and the Nation agree to work cooperatively to remedy potential compliance issues with the understanding that the 25 year right-of-way will remain in effect in accordance with its terms and applicable laws and regulations, including 25 C.F.R. Part 169.

IN WITNESS WHEREOF, GRANTOR, pursuant to the delegated authority found in 209 DM 8, 230 DM 1, and 3 IAM 4 and supplements thereto (or applicable delegation of authority), is granting and executing this grant of easement on this________day of _________(month), 2019.

UNITED STATES OF AMERICA
BY ______________________
U.S. Department of the Interior
Bureau of Indian Affairs
Regional Director/Superintendent

**A C K N O W L E D G E M E N T**

STATE OF : ARIZONA

: ss.

COUNTY OF : PIMA

Subscribed and sworn to before me this 29 day of August, 2019.

______________________
Signature of Notary Public

My commission expires 09/11, 2022.

SANDY J HENDRICKS
Notary Public - Arizona
Pima County
Commission # 550471
My Comm. Expires Sep 11, 2022