**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOHONO O'ODHAM NATION, a federally recognized Indian tribe, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:26-CV-02127-RJL |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, in his official capacity of Secretary of Homeland Security, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>FEDERAL DEFENDANTS' NOTICE OF INTENT TO RESPOND</u>**

Federal Defendants hereby notify the Court that, consistent with the default briefing schedule set out in the Court's Local Civil Rules, they intend to respond to Plaintiff's motion for injunction pending appeal, Dkt. No. 50, on or before September 10, 2026 (unless the Court denies the motion before then). No urgency justifies deviating from the default briefing schedule, and the motion ultimately lacks merit.

On August 14, 2026, the Court denied Plaintiff's motion for preliminary injunction. *See* Dkt. Nos. 45, 46. On August 27, 2026, Plaintiff filed a motion for injunction pending appeal under Rule 62(d), pursuant to which a court may "suspend, modify, restore, or grant an injunction" while an appeal is pending. Fed. R. Civ. P. 62(d). Under Local Rule 7(b), an opposition to a motion in the District of Columbia is due within 14 days of the date of service. To be sure, Local Rule 65.1(c) provides that an opposition to an application for preliminary injunction must be filed with 7 days. But the pending motion is not an application for

preliminary injunction, so Local Rule 7(b) controls. The Federal Rules recognize that a preliminary injunction is different from an injunction pending appeal, and neither is a subcategory of the other. *Compare* Fed. R. Civ. P. 65(a) *with* Fed. R. Civ. P. 62(d). Furthermore, as required by Federal Rule 83, district local rules must correspond in numbering to the Federal Rules. *See* Fed. R. Civ. P. 83(a)(1). The District of Columbia adheres to this requirement, as Local Rule 65.1, titled "Temporary Restraining Orders and Preliminary Injunctions," corresponds to Federal Rule 65, titled "Injunctions and Restraining Orders." Local Rule 65.1(c)'s abbreviated 7-day opposition deadline is therefore applicable to relief sought under Federal Rule 65. And as set forth, Plaintiff's motion for injunction pending appeal is, by its own terms, pursuant to Federal Rule 62(d)—not Federal Rule 65.

For the foregoing reasons, Federal Defendants anticipate responding in accordance with the 14-day deadline applicable to motions generally under Local Rule 7(b), unless the Court denies the motion before then. No urgency justifies departing from the default schedule, especially since Plaintiff waited nearly two weeks after the Court denied its motion for preliminary injunction to file the pending motion.

Dated: September 1, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ Shawn D. Ren*
Shawn D. Ren, Trial Attorney

U.S. Department of Justice
Environment & Natural Resources Division
999 18th St., N Terrace, Suite 600
Denver, CO 80202
Tel: (202) 598-3141
Fax: (303) 844-1350
E-mail: shawn.ren2@usdoj.gov

*Attorneys for Federal Defendants*