**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TOHONO O'ODHAM NATION,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Defendants. | ) | Civil Case No. 26-2127 (RJL) |

**MEMORANDUM ORDER**

October 8th, 2026 [Dkt. #50]

On August 14, 2026, I denied plaintiff Tohono O'odham Nation's motion for a preliminary injunction to halt border wall construction. *See* Mem. Op. [Dkt. #45]. Plaintiff's appeal of my ruling is now pending before our Circuit Court. *See* Notice of Appeal [Dkt. #48]. In the meantime, plaintiff has moved for an injunction pending appeal under Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(C). Mot. of the Tohono O'odham Nation for Inj. Pending Appeal ("Mot.") [Dkt. #50]. For the following reasons, plaintiff's motion for an injunction pending appeal is **DENIED**.

**BACKGROUND**

My opinion denying plaintiff's motion for a preliminary injunction recounts the factual and procedural background of this case. *See* Mem. Op. at 2–5. Most relevant here,

the Government has represented that construction activities on the border wall alongside plaintiff's Reservation will start, at the earliest, on October 12, 2026. *Id.* at 5. Our Circuit granted plaintiff's motion for expedited briefing on appeal; briefing will conclude on October 21, 2026, and oral argument will take place in December 2026. *See* Order, *Tohono O'odham Nation v. Mullin*, No. 26-5306 (D.C. Cir. filed Sept. 9, 2026), Doc. #2192131. Plaintiff has moved this Court for an injunction halting border wall construction until the resolution of the appeal. *See* Mot. The Government opposes. *See* Defs.' Resp. in Opp'n to Pl.'s Mot. for Inj. Pending Appeal [Dkt. #53]. On September 17, 2026, plaintiff filed its reply. *See* Reply Mem. of the Tohono O'odham Nation in Supp. of its Mot. for Inj. Pending Appeal [Dkt. #59]. The motion is now ripe. On October 5, 2026, plaintiff moved for an injunction pending appeal—the same relief it seeks here—before our Circuit Court pursuant to D.C. Circuit Rule 27(e). *See* Notice of Related Filing [Dkt. #61]; *see also* Suppl. Notice [Dkt. #62].

## LEGAL STANDARD

To obtain an injunction pending appeal under Federal Rule of Civil Procedure 62(d), the Court applies the "same four-factor test applicable to all injunction motions." *MediNatura, Inc. v. Food & Drug Admin.*, 2021 WL 1025835, at *4 (D.D.C. Mar. 16, 2021). The moving party "must establish [1] that [it] is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [its] favor, and [4] that an injunction is in the public interest." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Several of my colleagues have applied a "more flexible" version of the four-factor

test to a motion for an injunction pending appeal because "the express language of Rule 62(d) contemplates the possibility that the district court may grant an injunction pending appeal from an interlocutory order denying preliminary injunction." *MediNatura, Inc.*, 2021 WL 1025835, at *6 (alterations incorporated) (quoting *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016)); *see also Heritage Found. v. Dep't of Just.*, 2026 WL 1770708, at *1 (D.D.C. June 19, 2026). "[I]n rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor the movant so decisively that an injunction pending appeal may be proper, even without a likelihood of success on the merits, so long as the movant at least establishes a serious legal question on the merits and shows that the other three factors tip sharply in its favor." *Perlmutter v. Blanche*, 2025 WL 2409755, at *1 (D.D.C. Aug. 20, 2025) (cleaned up).

## ANALYSIS

If the analysis for an injunction pending appeal is identical to the preliminary injunction analysis under Federal Rule of Civil Procedure 65, plaintiff has not identified any reason for reconsidering my conclusion that all four factors favor the Government. *See generally* Mem. Op.

Even assuming that a more "flexible" standard applies, plaintiff has failed to carry its burden of showing an entitlement to the "extraordinary remedy" of an "affirmative injunction against a defendant." *MediNatura, Inc.*, 2021 WL 1025835, at *6. On the likelihood of success on the merits, while the legal issues identified by the plaintiff are indeed "novel," Tr. of Mot. Hr'g [Dkt. #43] at 32:19, I do not find that plaintiff has

established "serious legal question[s]" warranting an injunction pending appeal, *Perlmutter*, 2025 WL 2409755, at *1. Succeeding on plaintiff's trespass claim necessarily would require the Court to expand the *Larson-Dugan* exception to common law tort claims outside of the context of the common law right of public access. *See* Mem. Op. at 15. And plaintiff's *ultra vires* claim would require the Court to find that construction of a border wall has the legal effect of diminishing the boundaries of plaintiff's Reservation—something no court has yet held. *See id.* at 13. Lack of likelihood of success on the merits warrants denying plaintiff's motion. *See Appalachian Voices v. U.S. Env't Prot. Agency*, 2025 WL 2732746, at *2 (D.D.C. Sept. 25, 2025) (denying motion for injunction pending appeal where plaintiff failed to show a likelihood of success on the merits); *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) ("[T]he Court may deny a motion for preliminary injunction, without further inquiry, upon finding that a plaintiff is unable to show <u>either</u> irreparable injury or a likelihood of success on the merits.").

The remaining *Winter* factors do not favor plaintiff "so decisively" that an injunction pending appeal is proper. *Perlmutter*, 2025 WL 2409755, at *1. The Government has identified serious national security and public safety concerns at the international border. *See* Mem. Op. at 2, 17–18. An injunction pending appeal is "an intrusion into the ordinary process of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the [movant]." *Memphis Publ'g Co. v. Fed. Bureau of Investigation*, 195 F. Supp. 3d 1, 3 (D.D.C. 2012) (ellipses omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). While plaintiff has identified weighty interests

at stake in this case, I see no compelling reason to revisit my conclusion that the balance of equities and public interest favor the Government at this juncture. *See* Mem. Op. at 16–18.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's Motion for an Injunction Pending Appeal [Dkt. #50] is **DENIED**.

**SO ORDERED.**

RJLeon
RICHARD J. LEON
United States District Judge